IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Jacquelyne Hollander, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 1:11-cv-02620-TLW |
| | ) | |
| Hon. Judge D.A. Early, III, *in his official* | ) | |
| *capacity as Judge of the Circuit Court* | ) | |
| *of the 2nd Judicial Circuit,* | ) | |
| *South Carolina*; and | ) | |
| Hon. Alan Wilson, *in his official capacity* | ) | |
| *of Attorney General of South Carolina,* | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## ORDER

The plaintiff, Jacquelyne Hollander ("plaintiff"), brought this civil action pursuant to 42 U.S.C. § 1983 on September 28, 2011, alleging that she is entitled to a portion of the estate of deceased entertainer, James Brown. (Doc. #1).

This matter now comes before this Court for review of the Report and Recommendation ("the Report") filed on December 22, 2011 by United States Magistrate Judge Joseph R. McCrorey, to whom this case had previously been assigned. (Doc. #13). In the Report, Judge McCrorey recommends that the District Court dismiss the Complaint in the above-captioned case without prejudice and without issuance and service of process. (Doc. #13). The plaintiff filed objections to the Report on January 9, 2012. (Doc. #17).

This Court is charged with conducting a de novo review of any portion of the Magistrate Judge's Report to which a specific objection is registered, and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636. In conducting

its review, this Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections . . . .  The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination.  The Court is required to make a de novo determination of those portions of the report or specified findings or recommendation as to which an objection is made.  However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed.  While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

Wallace v. Housing Auth. of the City of Columbia, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

In light of the standard set forth in Wallace, the Court has reviewed, de novo, the Report and the objections thereto.  After careful review of the Report and objections thereto, this Court **ACCEPTS** the Report.  (Doc. #13).

Accordingly, for the reasons articulated by the Magistrate Judge, it is hereby **ORDERED** that the plaintiff's Complaint in the above-captioned case is **DISMISSED** without prejudice and without issuance and service of process.  Moreover, the request made by the plaintiff in her objections to the Report for leave to amend her Complaint (Doc. #17) is **DENIED.**  Further, the plaintiff's request in her objections to the Report that Attorney Donald Rosen's application for pro hac vice status[1] in this case (Doc. #11, 17) be approved is **DENIED**.

**IT IS SO ORDERED**.

s/ Terry L. Wooten
Terry L. Wooten
Chief United States District Judge

January 22, 2013
Columbia, South Carolina

---

[1] Magistrate Judge McCrorey previously denied the motion to appear pro hac vice filed by Donald P. Rosen (Doc. #11) as Moot on December 27, 2011.  (See Doc. #16).